**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

**UNITED STATES LIABILITY
INSURANCE COMPANY,**

               **Petitioner,**

v.                                                       **Case Number 1:08-cv-01276-JDB-cgc**

**THE PALACE OF JACKSON, INC.;
FREDLIN W. GAGGLEY, III;
JAMIE LEE SMITH;
KEITH HAROLD HUGGINS; and,
MITCHELL RAY CASTLEMAN,**

               **Respondents.**

**REPORT AND RECOMMENDATION ON PETITIONER UNITED STATES LIABILITY
INSURANCE COMPANY'S MOTION FOR DEFAULT JUDGMENT AGAINST
DEFENDANT JAMIE LEE SMITH**

      Before the Court is Petitioner United States Liability Insurance Company's ("USLI") Motion for Default Judgment against Defendant Jamie Lee Smith ("Smith") pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure (D.E. #35). The instant motion was referred to United States Magistrate Judge Charmiane G. Claxton for Report and Recommendation. (D.E. #37). For the reasons set forth herein, the Court RECOMMENDS that USLI's Motion for Default Judgment be DENIED without prejudice.

      **I. Introduction**

      On or about September 15, 2006, USLI issued a liability insurance policy to The Palace of Jackson, Inc. ("The Palace"), a nightclub in Jackson, Tennessee. (Pl.'s Compl. ¶¶ 2,10). During the

effective dates of the policy, Mitchell Ray Castleman ("Castleman"), a patron of The Palace, alleged that he was injured as a result of an assault, battery, and beating perpetrated by employees Keith Harold Huggins ("Huggins") and Smith. (Id. ¶¶ 10-11). As a result of this incident, Castleman filed a complaint ("Underlying Complaint") in the Circuit Court for Madison County, Tennessee against The Palace, Fredlin W. Gaggley, II ("Gaggley"), Smith, and Huggins.[1] The Underlying Complaint asserts that Smith and Huggins intentionally committed assault and battery without provocation or justification, that The Palace and Gaggley are vicariously liable for the conduct of Smith and Huggins under the doctrine of respondeat superior, and that The Palace and Gaggley are liable for negligently hiring, training, and supervising Smith and Huggins. (Id. ¶¶ 12-15). The Underlying Complaint seeks compensatory and punitive damages, and The Palace, Gaggley and Huggins have notified USLI of their demand that it defend and indemnify them in connection with the claims asserted in the underlying action. (Id. at 18).[2]

On November 7, 2008, USLI filed a Petition for Declaratory Relief requesting that this Court declare that it has no duty to indemnify or defend any person or entity claiming to be insured under the policy issued to The Palace in the underlying action. Specifically, USLI asserts that the policy does not cover damages for assault and/or battery, punitive damages, or exemplary damages. (Petition for Decl. Relief ¶¶ 20-30).

---

[1] The underlying action is styled Mitchell Ray Castleman v. Fredlin W. Gaggley, II, individually and d/b/a The Palace, Jamie Lee Smith, Keith Harold Huggins, and The Palace of Jackson, Inc., Civil Action Number C-08-144.

[2] USLI's Complaint specifically mentions that only The Palace, Huggins, and Gaggley have demanded that USLI defend and indemnify them. (Compl. ¶ 18). However, USLI's Complaint seeks a declaration that it has no duty to defend "any person or entity" in connection with the Underlying Complaint. (Id. ¶ 30(A)). Further, USLI's Memorandum of Law in Support of USLI's Motion for Default Judgment expressly states that the relief it seeks includes "a determination that there exists no duty to indemnify or defend Jamie Lee Smith in connection with the incident and claims which are the subject of the Underlying Complaint." (Mot. for Default Judgment at 3).

On November 20, 2009, a summons was issued as to Smith. On April 2, 2009, United States District Judge J. Daniel Breen issued an Order to Show Cause to USLI to explain why its claims against Smith should not be dismissed for failure to effect service, as the docket reflected neither a notification that Smith had been served nor an appearance of behalf of Smith. On April 10, 2009, USLI responded that Smith was served by certified mail in accordance with Rule 4 of the Federal Rules of Civil Procedure on November 17, 2008. (Pl.'s Resp. to Order to Show Cause at 1-2; see also Aff. of Michael G. Derrick at 1-2 & Exh. A-C). The response noted that Smith had not appeared or filed a responsive pleading in either the instant case or the underlying action. In addition to its response, USLI contemporaneously filed a Request for Entry of Default by the Clerk of this Court, and the Clerk entered a default as to Smith on April 14, 2009.

On August 14, 2009, United States District Judge J. Daniel Breen issued an Order to Show Cause directing USLI to respond why its claims against Smith should not be dismissed for failure to prosecute because USLI had not sought a default judgment against Smith following the entry of the Clerk's default. On August 21, 2009, USLI filed both its Response to this Order to Show Cause and a Motion for Default Judgment. In its response, USLI explained that it intended to file its Motion for Summary Judgment by February 26, 2010 in accordance with the Court's Scheduling Order and that "for purposes of efficiency USLI had planned to ask the Court for entry of Judgment by Default against Jamie Lee Smith contemporaneously with the filing of its Summary Judgment Motion as to all Defendants." (Pl.'s Resp. to Order to Show Cause at 2.) However, USLI stated that it filed the Motion for Default Judgment as to Smith contemporaneously with this response out of an abundance of caution in the instance that the Court "might prefer to entertain a request for the entry of Judgment by Default sooner." (Id.) The Motion for Default Judgment was referred to

United States Magistrate Judge Charmiane G. Claxton for a Report and Recommendation.

### II. Analysis

The sole issue presented in the instant motion is whether a default judgment should be entered as to Defendant Smith. Specifically, USLI requests that the default judgment as to Smith "declare that the USLI Insurance Policy does not provide coverage in connection with the Underlying Complaint." (Pl's Mot. for Default Judgment at 3).

In the seminal case of Frow v. De La Vega, 82 U.S. 552 (1872), the United States Supreme Court addressed whether a default judgment should be entered as to an individual defendant when the case is still proceeding on the merits as to other co-defendants:

> If the court in such a case as this can lawfully make a final decree against one defendant separately, on the merits, while the cause was proceeding undetermined against the others, then this absurdity might follow: there might be one decree of the court sustaining the charge . . . and another decree disaffirming said charge, and declaring it to be entirely unfounded, and dismissing the complainant's bill. . . . Such a state of things is unseemly and absurd, as well as unauthorized by law.

Id. at 554. The Frow court continued to address the proper resolution of a motion for default judgment under such circumstances:

> The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree *pro confesso* against him, and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all defendants alike—the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

Id.

The essence of the Frow principle is that the "relief against the defendants be consistent."

10A Wright, Miller & Kane, Federal Practice and Procedure § 2690 (3d ed. 1998 & Supp. 2009). For this reason, "courts routinely withhold default judgments declaring that an insurance policy is inapplicable until the claims against the defendants who appear in the action are adjudicated." Globus Aerospace, Inc. v. Platinum Jet Management, LLC, No. 09-60756-CIV, 2009 WL 3400519, at *5 (S.D.Fla. Oct. 20, 2009) (citing Allstate Prop. and Cas. Ins Co. v. Salazar-Castro, No. 08-2110-CM, 2009 WL 196150 (D.Kan. Jan. 23, 2009); Safeco Ins. Co. of Am. v. Stephenson, No. 06-4294-CV-C-NKL, 2007 WL 2026389 (W.D.Mo. July 9, 2007); Nautilus Ins. Co. v. I.L.S. Gen. Contractors, Inc., 369 F.Supp.2d 906 (E.D.Mich. 2005); State Farm Mut. Auto. Ins. Co. v. Jackson, 736 F.Supp. 958 (S.D.Ind. 1990)).

In the instant case, USLI's Motion for Default Judgment requests that the default judgment as to Smith "declare that the USLI Insurance Policy does not provide coverage in connection with the Underlying Complaint." (Pl's Mot. for Default Judgment at 3). If the Court were to issue such a declaration before the adjudication on the merits as to the other defendants, the Court would risk issuing inconsistent and incongruous judgments, as prohibited in Frow. Accordingly, the Court RECOMMENDS that, although the Clerk's default shall stand as to Smith, the Motion for Default Judgment be denied without prejudice pending the outcome of this case against the remaining defendants.

### III. Conclusion

For the reasons set forth herein, the Court RECOMMENDS that the Motion for Default Judgment be denied without prejudice.

**IT IS SO ORDERED** this 14th day of December, 2009.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN TEN (10) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**